### BANNON v. HENNESSEY.

(District Court, D. Rhode Island. May 22, 1922.)

No. 1517.

Gaming ⬤═══26(1)—Action not maintainable to recover gambling losses.

An action cannot be maintained to recover losses sustained in gambling in an illegal gaming house, though alleged to have been due to fraudulent and cheating devices with which the gambling was conducted therein.

At Law. Action by Edward T. Bannon against John F. Hennessey. On demurrer to declaration. Demurrer sustained.

Henry E. Woodward, of New Bedford, Mass., and Clifford Kingsley, of Providence, R. I., for plaintiff.

A. Truman Patterson, of Providence, R. I., for defendant Hennessey.

BROWN, District Judge. The declaration alleges that on numerous occasions since the year 1918 the plaintiff played the game of roulette at the establishment of the defendant, alleged to be the keeper of a certain gambling device known as a roulette wheel; that he wagered and lost large sums of money in said playing; that he believed at the time of playing said game that it was one of chance, but that in fact said game as operated by the defendant, his agents or servants, was not one of chance or luck, but was entirely in the control of the defendant; that the defendant, his agents and servants, by various fraudulent means and methods, were able to eliminate all elements of chance in the playing of the game; and that the fraudulent control in the playing of said game enabled the defendant to win from the plaintiff large sums of money which he had wagered, being ignorant of the fraudulent control or methods used by the defendant, his agents and servants.

It is unnecessary to consider those grounds of demurrer which relate to the definiteness of the allegations as to the fraudulent means and methods used, since the first ground of demurrer (that the declaration sets out no cause of action upon which the plaintiff can recover) must be sustained, and disposes of all incidental or formal questions.

The plaintiff distinctly alleges his own unlawful act; that he played

the game of roulette and wagered and lost large sums of money in said playing. His declaration is, in substance, that he engaged in gambling, and while so illegally engaged was cheated.

The principle upon which, in such a case, the plaintiff is denied relief, is thus stated in Higgins v. McCrea, 116 U. S. 671, 686, 6 Sup. Ct. 557, 564 (29 L. Ed. 764):

"The principle of public policy is this, 'Ex dolo malo non oritur actio.' No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. If from the plaintiffs' own stating, or otherwise, the cause of action appear to arise ex turpi causa, or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes not for the sake of the defendant, but because they will not lend their aid to such a plaintiff."

The question is so thoroughly covered by the opinions of Judge Sanborn in Levy v. Kansas City, 168 Fed. 524, 93 C. C. A. 523, 22 L. R. A. (N. S.) 862, and in Stewart v. Wright, 147 Fed. 321, 336, 338, 77 C. C. A. 499, that it is unnecessary to cite additional authorities upon the general principles which govern a case of this character. That there was cheating incidental to the unlawful gambling was considered specifically in Babcock v. Thompson, 3 Pick. (Mass.) 446, 15 Am. Dec. 235. Public policy forbids the court to assist the plaintiff in an investigation of the means and details incidental to unlawful gambling. The courts are not required "to sit as the arbiters of the gaming table," or to determine the issue in every losing gambler's case, whether the play was fair or foul.

Whether a trustee in bankruptcy of one who had been cheated out of his property by fraudulent gambling devices might recover without a violation of the rule of public policy upon which the plaintiff is denied relief is a question which was suggested at the argument, but need not be determined. In his own right the plaintiff has no claim to the assistance of a court of law.

Demurrer sustained.